In the

# United States Court of Appeals
## For the Seventh Circuit

No. 21-3196

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

WILLIAM D. KING,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 07-CR-20055 — **Harold A. Baker**, *Judge.*

SUBMITTED JULY 7, 2022[*] — DECIDED JULY 11, 2022

Before EASTERBROOK, WOOD, and KIRSCH, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* When deciding whether "extraordinary and compelling reasons", 18 U.S.C. §3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions. That's the holding of *United States v.*

---

[*] The court granted the parties' joint motion to waive oral argument.

*Thacker*, 4 F.4th 569 (7th Cir. 2021), and *United States v. Brock*, No. 22-1148 (7th Cir. July 7, 2022). There's nothing "extraordinary" about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. §2255. See *United States v. Martin*, 21 F.4th 944 (7th Cir. 2021).

William King, who was sentenced to 216 months' imprisonment following his guilty plea to three heroin charges, contends that *Concepcion v. United States*, No. 20–1650 (U.S. June 27, 2022), requires us to abandon these decisions and hold that anything at all—factual or legal, personal or systemic, routine or unique—may be treated as "extraordinary and compelling". That would be hard to reconcile with the language of the statute. Routine is the opposite of extraordinary.

The statute also says that applications must be assessed according to policy statements issued by the Sentencing Commission. 18 U.S.C. §3582(c)(1)(A) [hanging paragraph]. The Sentencing Commission has not updated those statements since the First Step Act of 2018, which allows prisoners to file their own requests without the support of the Bureau of Prisons. But we explained in *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020), that the older policy statements remain useful to guide district judges' discretion. Those statements, found at U.S.S.G. §1B1.13 and Application Note 1, contemplate the release of prisoners afflicted by severe medical conditions or risks, experiencing a family emergency, or otherwise in unusual personal circumstances. They do not hint that the sort of legal developments routinely addressed by direct or collateral review qualify a person for compassionate release.

*Concepcion* does not alter that understanding. It held that, when substantive changes made by the First Step Act (principally reductions in the authorized ranges for crack-cocaine crimes) entitle a prisoner to be resentenced, the judge may consider everything that would have been pertinent at an original sentencing. We may assume that the same would be true if a district judge were to vacate a sentence on application for compassionate release and hold a full resentencing proceeding. But decisions such as *Thacker* concern the threshold question: whether the prisoner is entitled to a reduction under §3582(c)(1)(A). *Concepcion* mentioned the compassionate-release statute only to support the proposition that Congress knows how to limit which considerations may be used to reduce a sentence. Slip op. 10–11 & 13 n.5. That observation undermines rather than helps King's position.

The Supreme Court has encountered other threshold issues under the First Step Act without hinting that everything is up in the air. For example, *Terry v. United States*, 141 S. Ct. 1858 (2021), holds that persons convicted of violating 21 U.S.C. §841(b)(1)(C) are not eligible for resentencing. It did this as a matter of law, rather than adopting an "everyone's eligible for any reason" approach of the kind that King favors.

That the First Step Act did multiple things—lowering sentences for some cocaine crimes, enabling prisoners to seek compassionate release on their own motions, and more—does not mean that every decision about any aspect of the First Step Act applies to every potential question under that statute. The First Step Act did not create or modify the "extraordinary and compelling reasons" threshold for eligibility; it just added prisoners to the list of persons who may file motions. We take the Supreme Court at its word that *Concepcion* is about the

matters that district judges may consider when they resentence defendants. So understood, *Concepcion* is irrelevant to the threshold question whether any given prisoner has established an "extraordinary and compelling" reason for release.

This brings us to King's situation. He contends that *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), furnishes an "extraordinary and compelling" reason for compassionate release. The district court disagreed and denied King's application.

*Ruth* holds that an unusual feature in one Illinois statute defining the word "cocaine" means that a conviction under that state law does not count as a prior cocaine conviction for the purpose of certain federal recidivist enhancements. King could have made such an argument on appeal after his own sentencing but did not, nor did he file a collateral attack based on the way Illinois defines cocaine. His effort to use *Ruth* as a door opener under the compassionate-release statute is foreclosed by *Brock*, which rejects the sort of argument that King advances. Because *Brock* is consistent with *Concepcion*, the district court's judgment is

AFFIRMED.