CLD-221                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1758
_____

UNITED STATES OF AMERICA


v.

JESSE ALLEN,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:10-cr-00415-001)
District Judge:  Honorable Wendy Beetlestone

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 11, 2022

Before: AMBRO, SHWARTZ, and BIBAS, <u>Circuit Judges</u>

(Opinion filed:  August 18, 2022)

_____

---

OPINION[*]

---

PER CURIAM

Federal prisoner Jesse Allen appeals pro se from the District Court's April 11, 2022 decision denying his motion for compassionate release. The Government has moved to summarily affirm. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

I.

Allen pleaded guilty in the District Court to three counts of Hobbs Act robbery, see 18 U.S.C. § 1951(a), and two counts of using and carrying a firearm during a crime of violence, see 18 U.S.C. § 924(c). In 2012, the District Court sentenced him to an aggregate prison term of 32 years and one month. Under the then-existing version of § 924(c)'s so-called "stacking" provision, the second of Allen's two § 924(c) offenses was subject to a consecutive, 25-year mandatory minimum. See 18 U.S.C. § 924(c)(1)(C) (effective Oct. 6, 2006, to Dec. 20, 2018). Although the First Step Act of 2018 ("the FSA") amended § 924(c)(1)(C) "so that the 25-year mandatory minimum for subsequent offenses would not apply unless the defendant already had a final conviction for a § 924(c) charge at the time of the [subsequent] offense," United States v. Andrews, 12 F.4th 255, 257 (3d Cir.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2021), cert. denied, 142 S. Ct. 1446 (2022), Congress chose not to apply this amendment to defendants who, like Allen, had already been sentenced, see id. at 261.

In March 2022, after exhausting his administrative remedies, Allen filed in the District Court a pro se motion for compassionate release. A district court may grant compassionate release if, inter alia, it finds that an "extraordinary and compelling" reason warrants a sentence reduction. See 18 U.S.C. § 3582(c)(1)(A)(i); United States v. Pawlowski, 967 F.3d 327, 329 (3d Cir. 2020). Allen's motion revolved around his argument that the sentencing disparities between those defendants who benefit from the FSA's amendment to § 924(c)(1)(C) and those who do not constitutes an "extraordinary and compelling" reason for reducing his sentence.

The Government opposed Allen's motion, pointing to our recent decision in Andrews, where we held that the non-retroactivity of the FSA's amendment to § 924(c)(1)(C) cannot qualify as an "extraordinary and compelling" reason for compassionate release. See Andrews, 12 F.4th at 261. On April 11, 2022, the District Court agreed with the Government and denied Allen's motion. This timely appeal followed, and the Government has since moved to summarily affirm the District Court's judgment.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's denial of Allen's compassionate-release motion for abuse of discretion, see Andrews, 12 F.4th at 259, and we may summarily affirm that judgment if this appeal fails to present a substantial question, see 3d Cir. I.O.P. 10.6.

3

The District Court did not abuse its discretion in denying Allen's motion. As indicated earlier, we held in Andrews that the inapplicability of the FSA to those who, like Allen, were sentenced before its enactment cannot constitute an "extraordinary and compelling" reason for compassionate release. We are bound by Andrews, see 3d Cir. I.O.P. 9.1, and we agree with the District Court that it controls the outcome here.[1]

Because this appeal does not present a substantial question, we grant the Government's motion to summarily affirm, and we will summarily affirm the District Court's judgment.[2]

---

[1] Allen appears to point to the fact that Andrews is part of a circuit split on the question whether the non-retroactivity of the FSA's amendment to § 924(c)(1)(C) may constitute an "extraordinary and compelling" reason. See Andrews, 12 F.4th at 261–62 (acknowledging this circuit split and joining the side that has answered this question in the negative). But it does not follow from that circuit split that Allen is entitled to relief here. Nor is he entitled to relief based on the Supreme Court's recent decision in Concepcion v. United States, 142 S. Ct. 2389 (2022). See United States v. King, 40 F.4th 594, 596 (7th Cir. 2022) ("Concepcion is irrelevant to the threshold question whether any given prisoner has established an 'extraordinary and compelling' reason for release.").

[2] The Government's request to be excused from filing a brief is granted. To the extent that the Government also requests to file its summary-affirmance motion out of time, that request is denied as unnecessary because that motion is, in fact, timely. See 3d Cir. LAR 27.4(b).