[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10638

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARK ANTHONY BECKFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 1:09-cr-00263-TWT-JKL-1

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Mark Beckford, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). In his opening brief, Beckford identifies one issue on appeal—whether the district court abused its discretion in denying his compassionate release motion—but he makes two arguments to that effect. First, he argues that the district court arrived at incorrect factual conclusions because vaccines are no longer effective and because the Bureau of Prison's ("BOP") response to COVID-19 has been inadequate. Second, he argues that the district court's legal analysis was flawed because it improperly considered his codefendant's sentence and the fact that his original sentence was reduced due to a post-trial plea agreement with the Government. Beckford has also filed a motion requesting oral argument and the appointment of counsel to argue on his behalf.

The Government, in lieu of a response brief, has filed a motion for summary affirmance.[1] The Government argues that

---

[1] In this motion, the Government also requests that this Court stay the briefing schedule or treat this motion as a responsive brief. For the reasons out-

no substantial question for review exists in this appeal because, *inter alia*, Beckford failed to show that he has satisfied the legal requirements for compassionate release.  Because we agree with the Government that existing Eleventh Circuit caselaw plainly forecloses Beckford's arguments on appeal, we **GRANT** the Government's motion for summary affirmance.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969) (stating that "summary disposition is necessary and proper" in cases where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case").  Because we write only for the parties, we will not recite the facts underlying this appeal in a separate section of the opinion.

## I.

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  This standard of review "is not simply a rubber stamp."  *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017) (quoting *United States v. Docampo*, 573 F.3d 1091, 1104 (11th Cir. 2009) (Barkett, J., concurring in part and dissenting in part)).  "A court must explain its sentencing decisions adequately enough to allow for meaningful appellate review."  *Id.*  This standard of review, though, does afford district

---

lined in the body of this opinion, we **DENY** the Government's request to stay the briefing schedule as moot.

courts a "range of choice," and we "cannot reverse just because we might have come to a different conclusion." *Harris*, 989 F.3d at 912 (quoting *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007)). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings. *Id.* at 911.

A district court may not grant compassionate release unless it makes three findings: (1) "that an extraordinary and compelling reason exists," (2) "that a sentencing reduction would be consistent with U.S.S.G. § 1B1.13," and (3) that the "§ 3553(a) factors weigh in favor of compassionate release." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). "The plain language of the statute means that compassionate release is permissible only if all three findings are made . . . . If any one of the necessary findings cannot be made, then compassionate release is not permissible." *Id.* at 1348 (citation omitted). Here, the district court denied Beckford's motion for compassionate release for two, independent reasons. First, Beckford failed to show that extraordinary and compelling reasons exist. Second, the § 3553(a) factors weighed against granting compassionate release. Because we may affirm the district court's denial of compassionate release on either basis, and because we agree with the district court that Beckford has not shown that an extraordinary and compelling reason exists for his compassionate release, we will address only that issue on appeal.

## II.

In its order denying Beckford's motion for compassionate release, the district court concluded that he "failed to meet his burden to show . . . 'extraordinary and compelling reasons' particular to him since he has received both doses of Moderna's COVID-19 vaccine." It further noted that "numerous courts around the country have repeatedly denied compassionate release where an inmate has been vaccinated." On appeal, Beckford argues that the court's reasoning is flawed because even vaccinated persons may be vulnerable to new variants of COVID-19 and because the BOP's response to COVID-19 has been inadequate.[2] Even assuming *arguendo* that Beckford is correct, he still has not shown (or even argued) that the COVID-19 pandemic, in combination with his preexisting medical conditions, constitutes an "extraordinary and compelling reason" for compassionate release.

This Court "recently held that [U.S.S.G. §] 1B1.13 constrains district courts' authority to identify when extraordinary and compelling reasons exist." *Giron*, 15 F.4th at 1346 (citing

---

[2] Beckford also asserts, in passing, that the BOP's failure to adequately protect him from COVID-19 is an Eighth Amendment violation. Because he has devoted only a couple of sentences to this argument, we deem it inadequately argued and therefore abandoned. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) ("[A] party seeking to raise a claim or issue on appeal must plainly and prominently so indicate . . . . At the very least, he must devote a discrete, substantial portion of his argumentation to that issue. Otherwise, the issue . . . will be considered abandoned.").

*United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021)). "The application notes for Section 1B1.13 identify four general categories of 'extraordinary and compelling reasons': medical, age, family, and a 'catch-all "other reasons" category.'" *Id.* (quoting *Bryant*, 996 F.3d at 1249–50). "[T]he only medical conditions that rise to the level of extraordinary and compelling are as follows: if the medical condition (i) is a terminal illness or (ii) 'substantially diminishes the ability of the defendant to provide self-care within' prison." *Id.* (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)).

On appeal, Beckford highlights his many medical conditions, including diabetes, glaucoma, and hypertension. But he neither argues that these ailments are terminal nor that COVID-19 "substantially diminishes" his ability to manage them in prison. In fact, he notes that he receives "numerous medications" to manage his medical conditions and that he "is on the [prison's] chronic care list for his hypertension and type 2 diabetes." Accordingly, Beckford has not shown that an "extraordinary and compelling reason" justifies compassionate release under Section 1B1.13's definition.

Moreover, he cannot argue that an "extraordinary and compelling reason" exists under the "other reasons" category because, as we held in *Bryant*, district courts may not "find[] extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13." *Giron*, 15 F.4th at 1347. Beckford seemingly acknowl-

edges this in his response to the Government's motion for summary affirmance, but he argues instead that the Supreme Court's recent decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022), abrogates this Court's holding in *Bryant*. He points to several lines in the Supreme Court's decision that emphasize the discretion district courts have when sentencing defendants. *See Concepcion*, 142 S. Ct. at 2399 ("Federal courts historically have exercised this broad discretion to consider all relevant information at an initial sentencing hearing, consistent with their responsibility to sentence the whole person before them. . . . Such discretion is bounded only when Congress or the Constitution expressly limits the type of information a district court may consider in modifying a sentence.").

Yet, as Beckford notes, *Concepcion*'s holding does not address compassionate release motions. Instead, *Concepcion* held that district courts, when adjudicating a motion under the First Step Act, "may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison)." *Id.* at 2396. Importantly, the *Concepcion* opinion states that Congress may cabin what district courts may consider when sentencing (or resentencing) a defendant, and it expressly cited the compassionate release statute as an example: "For [§ 3582(c)] proceedings, Congress expressly cabined district courts' discretion by requiring courts to abide by the Sentencing Commission's policy statements." *Id.* at 2401. This statement is consistent with *Bryant*, which merely held that Section 1B1.13 is

8                    Opinion of the Court                    22-10638

an applicable policy statement. 996 F.3d at 1262. Accordingly, we cannot conclude that *Concepcion* abrogates this Court's prior holding in *Bryant. See United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) ("[T]he doctrine of adherence to prior precedent . . . mandates that the intervening Supreme Court case actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel."); *cf. also United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022) ("We take the Supreme Court at its word that *Concepcion* is about the matters that district judges may consider when they resentence defendants. So understood, *Concepcion* is irrelevant to the threshold question whether any given prisoner has established an 'extraordinary and compelling' reason for release.").

Because Beckford has not shown that an "extraordinary and compelling reason"—as defined by Section 1B1.13—justifies compassionate release, the district court did not abuse its discretion in denying his motion. Accordingly, the district court's denial of his motion for compassionate release and the Government's motion for summary affirmance are

**AFFIRMED.**[3]

---

[3] Because this case does not require oral argument to resolve, we **DENY** Beckford's motion for oral argument and request for the appointment of counsel.