**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2190
_____

UNITED STATES OF AMERICA

v.

TEVIN LEWIS,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:96-cr-00336-002)
District Judge:  Honorable Juan R. Sánchez

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on September 22, 2022

Before: AMBRO, SHWARTZ, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: September 29, 2022)

_____

PER CURIAM

Tevin Lewis appeals the District Court's order denying his motion for compassionate release. The Government has filed a motion for summary affirmance. For the reasons that follow, we will grant the Government's motion and summarily affirm the District Court's order.

Lewis is serving a 603-month prison sentence after being convicted of conspiracy to commit carjacking, carjacking, two counts of attempted carjacking, and three counts of use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c).[1] In May 2020, Lewis filed a motion for compassionate release, arguing that the length of his sentence constituted an extraordinary and compelling reason to reduce the sentence. After staying the matter pending United States v. Andrews, 12 F.4th 255 (3d Cir. 2021), cert. denied, 142 S. Ct. 1446 (2022), discussed below, the District Court denied the motion in January 2022, and Lewis did not file an appeal. In March 2022, Lewis filed another motion for compassionate release in which he contended that he was at a heightened risk of severe

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] In its motion for summary action, the Government advises that Lewis has a § 2255 motion pending in the District Court and that it will address that motion in light of the Supreme Court's decision in United States v. Taylor, 142 S. Ct. 2015, 2025 (2022) (holding that attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause). Given the potential impact of Taylor on Lewis's sentence, we are confident that the Government will address this issue quickly.

illness or death if he contracted COVID-19. The District Court denied the motion after determining that Lewis had not shown extraordinary and compelling reasons and that the factors in 18 U.S.C. § 3553(a) did not warrant release. Lewis appealed from the denial of the second motion for compassionate release. The Government has filed a motion for summary affirmance of the District Court's order.

We have jurisdiction under 28 U.S.C. § 1291. Pursuant to 18 U.S.C. § 3582(c)(1)(A), a District Court may reduce a sentence if extraordinary and compelling reasons warrant such a reduction. Before granting compassionate release, however, a District Court must consider "the factors set forth in 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A). We review a District Court's order denying a motion for compassionate release for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court determined that Lewis's medical conditions and risk of a severe outcome if he contracted COVID-19 did not constitute extraordinary and compelling circumstances. Lewis does not challenge this determination on appeal. In his brief, Lewis argues that the length of his sentence constitutes an extraordinary and compelling reason. However, in Andrews, we held that neither the length of a lawfully imposed sentence nor the non-retroactive changes to the mandatory minimum sentences for § 924(c) convictions establishes extraordinary and compelling circumstances and that neither is a basis for

3

compassionate release. 12 F.4th at 261. Lewis argues that the Supreme Court in Concepcion v. United States, 142 S. Ct. 2389 (2022), abrogated our decision in Andrews. It did not. The Court in Concepcion did not address what qualifies as an "extraordinary and compelling" reason under the compassionate release statute. See United States v. King, 40 F.4th 594, 596 (7th Cir. 2022) ("Concepcion is irrelevant to the threshold question whether any given prisoner has established an 'extraordinary and compelling' reason for release."). The District Court did not abuse its discretion in determining that Lewis had not shown extraordinary and compelling circumstances.

Even if Lewis had shown extraordinary and compelling circumstances, the District Court also determined that the § 3553(a) factors did not weigh in favor of release. Lewis contends that the District Court failed to consider his argument that his lengthy sentence could be a relevant consideration when the District Court weighed the § 3553(a) factors. However, in discussing those factors, the District Court noted that Lewis's conduct was "highly egregious" and "worthy of the prison sentence he received." Thus, the District Court considered the length of his sentence. It also noted that the sentence was appropriate "to punish Lewis, promote respect for the law, deter such future behavior, and protect the public from Lewis's commission of further heinous crimes." See 18 U.S.C. § 3553(a)(1) & (2)(A) & (C) (including the nature and circumstances of the offense and protection of the public as sentencing factors as well as the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"). The District Court did not abuse its discretion in its weighing of the § 3553(a)

4

factors. Nor did it abuse its discretion, as Lewis suggests, by not holding an evidentiary hearing on those factors, as he had not shown extraordinary and compelling circumstances.

Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. L.A.R. 27.4 (2011). As the District Court clearly did not abuse its discretion in denying Lewis's motion for a sentence reduction, the appeal does not present a substantial question. Accordingly, we grant the Government's motion for summary action and will summarily affirm the District Court's judgment. See 3d Cir. I.O.P. 10.6 (2018).