**DLD-008**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1853
_____

UNITED STATES OF AMERICA

v.

NAYEEM GORDON, also known as OBAMA, also known as NAY,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-15-cr-00496-001)
District Judge:  Honorable Wendy Beetlestone

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 13, 2022
Before: JORDAN, SHWARTZ, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 25, 2022)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Nayeem Gordon appeals pro se from the District Court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a motion for summary affirmance. We grant the Government's motion and will summarily affirm the District Court's judgment.

In 2016, Gordon was charged with crimes related to possession and distribution of phencyclidine (PCP). A jury in the Eastern District of Pennsylvania found Gordon guilty of those offenses. Thereafter, a grand jury issued a superseding indictment, further charging Gordon with conspiracy to distribute PCP and firearm offenses. Gordon pleaded guilty to those charges. For both convictions, Gordon was sentenced as a career offender to a total 204 months' imprisonment followed by ten years of supervised release. He is scheduled for release in March 2030.

In March 2022, Gordon filed his second motion for compassionate release. In that motion, he argued that his health conditions (obesity and asthma) rendered him susceptible to harm if he contracted COVID-19, and that this Court's ruling in United States v. Nasir, 17 F.4th 459 (3d Cir. 2021), invalidated the career offender sentencing enhancement. The District Court denied the motion, noting that even if Gordon's medical conditions presented "extraordinary and compelling" circumstances for relief, the sentencing factors in 18 U.S.C. § 3553(a) militated against granting such relief. See ECF No. 1123 at pp. 5-6. Gordon's invocation of Nasir, the court explained, amounted to an attack on his conviction and could be raised on direct appeal or in a 28

U.S.C. § 2255 motion, not in a motion for compassionate release. Id. at p. 4. Gordon's appeal from the denial of his motion for compassionate release presents the basis for this appeal.[1]

We have jurisdiction under 28 U.S.C. § 1291. We review the denial of a motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 329-30 (3d Cir. 2020). We may affirm on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and may summarily affirm if an appeal presents no substantial question, id.; 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

Gordon presses one argument on appeal: that the District Court did not consider whether our ruling in Nasir presented an "extraordinary and compelling" circumstance for release. His argument is meritless. In Nasir, we held that inchoate crimes no longer qualify as predicate drug offenses to trigger an armed career criminal sentencing enhancement. 17 F.4th at 472. Gordon maintains that he would not qualify as a career criminal offender under Nasir's sentencing scheme. Even if that were true, our ruling in Nasir does not provide Gordon with an extraordinary and compelling circumstance for early release. See United States v. Andrews, 12 F.4th 255, 260–61 (3d Cir. 2021)

---

[1] Gordon filed his notice of appeal more than 14 days after entry of the order denying his motion. See Fed. R. App. P. 4(b)(1)(A). Because the Government has affirmatively waived any objection to timeliness, we decline to dismiss the appeal as untimely. See United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012).

(holding that neither the length of a lawfully imposed sentence nor the non-retroactive changes in statutory sentencing law establish extraordinary and compelling circumstances for release), cert. denied, 142 S. Ct. 1446 (2022). Gordon contends that Concepcion v. United States, 142 S. Ct. 2389 (2022), abrogated our decision in Andrews. It did not. In Concepcion, the Supreme Court clarified that courts may consider intervening changes in law when a defendant is resentenced under the First Step Act. 142 S. Ct. at 2396. But Concepcion did not address the "threshold question" at issue here: "whether [Gordon] has established an 'extraordinary and compelling' reason for release." See United States v. King, 40 F.4th 594, 596 (7th Cir. 2022).

In any event, the District Court noted that even if Gordon's medical conditions presented an "extraordinary and compelling" circumstance for release, the § 3553(a) factors counseled against granting the motion. On appeal, Gordon has not contested the District Court's ruling denying his motion based on its assessment of those factors. See Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018). [2]

---

[2] Had he advanced an argument challenging the sentencing factors, he faced a high bar to demonstrate error. A District Court's determination of § 3553(a) factors will not be disturbed unless we have a "definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Pawlowski, 967 F.3d at 330 (quotation omitted). In denying relief, the District Court emphasized that releasing Gordon after "serving so little of his 204-month sentence would not reflect" the seriousness of his offenses, nor would it deter future conduct. ECF No. 1123 at p. 7.

4

For these reasons, the District Court properly exercised its discretion in denying Gordon's motion for compassionate release. Gordon's appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's judgment.