**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 15, 2022[*]
Decided November 23, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 22-2416

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 12-10069-001 |
| GREGORY SANFORD, *Defendant-Appellant*. | Sara Darrow, *Chief Judge*. |

**O R D E R**

Gregory Sanford has repeatedly attempted to reduce his 180-month prison term for possession with intent to distribute cocaine on grounds that the district court erred when sentencing him. Last year he sought compassionate release under 18 U.S.C.

---

[*] This appeal is successive to case no. 21-3286 and is being decided under Operating Procedure 6(b) by the same panel. We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

§ 3582(c)(1)(A) on such grounds, arguing that two of the enhancements he received at sentencing were improper. We affirmed the district court's denial of his motion because a claim of error during sentencing is not an "extraordinary and compelling reason" for release. *United States v. Sanford*, 2022 WL 1087502, at *2 (7th Cir. Apr. 12, 2022); *see United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021); *United States v. Thacker*, 4 F.4th 569, 574–75 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 1363 (2022).

Afterward the Supreme Court decided *Concepcion v. United States*, 142 S. Ct. 2389 (2022). That case concerned § 404(b) of the First Step Act, which allows courts to reduce retroactively the sentences of prisoners convicted of certain crack-cocaine offenses. *Concepcion* clarified that if a prisoner is eligible for relief under § 404(b) because he or she was convicted of one of those offenses, then courts may consider a wide range of factors when resentencing the prisoner. *Id.* at 2404–05. Believing that *Concepcion* also broadened the scope of what courts may consider when ruling on a motion under 18 U.S.C. § 3582(c)(1)(A), Sanford moved again for compassionate release, renewing his contention about the same alleged sentencing errors. The district court denied his motion, concluding that our precedent had already foreclosed that argument.

On appeal, Sanford maintains that *Concepcion* opened the door for prisoners to challenge sentencing errors in motions for compassionate release. As we held in *United States v. King*, 40 F.4th 594 (7th Cir. 2022), it did not. *Concepcion* dealt with a different provision of the First Step Act, and its holding applies only to the information courts may consider once a prisoner is eligible for resentencing under that provision. The Supreme Court did not address the "threshold question" of what makes a prisoner eligible for release in the first place under the compassionate-release statute. *King*, 40 F.4th at 596. *Concepcion* thus did not alter our conclusion that "a claim of errors in the original sentencing is not itself an extraordinary and compelling reason for release." *Martin*, 21 F.4th at 946. Prisoners should challenge these alleged errors on direct appeal or through collateral review under 28 U.S.C. § 2255. *See King* 40 F.4th at 595.

Sanford also argues that several other factors, such as his vocational training, entitle him to compassionate release. But he waived these arguments by not raising them in the district court. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012).

                                                                                    AFFIRMED