CLD-027                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2476
_____

UNITED STATES OF AMERICA

v.

FRANCO BADINI,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-09-cr-00325-014)
District Judge:  Honorable Mark R. Hornak

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 10, 2022
Before: GREENAWAY, JR., MATEY, and MCKEE, <u>Circuit Judges</u>

(Opinion filed January 5, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Franco Badini appeals the District Court's order denying his third motion for compassionate release. The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2012, Badini was convicted of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. Because he had previously been convicted of a felony drug offense, the District Court sentenced him to a mandatory 20-year minimum sentence. Badini appealed, and we affirmed. See United States v. Badini, 525 F. App'x 190 (3d Cir. 2013) (non-precedential).

In his first two motions for compassionate release, Badini argued, among other things, that he was entitled to release because his prior drug felony would no longer subject him to a 20-year minimum under 21 U.S.C. § 841's amended recidivist provision. See First Step Act of 2018, Pub. L. No. 115-391, § 401, 132 Stat. 5194 (Dec. 21, 2018). The District Court determined that that change in law did not amount to an "extraordinary and compelling reason[]" warranting a sentence reduction. § 3582(c)(1)(A)(i); see also United States v. Andrews, 12 F.4th 255, 261 (3d Cir. 2021).[1]

Badini then filed his third motion for compassionate release, which is at issue in this appeal. He claimed that the Supreme Court's recent decision in Concepcion v.

---

[1] We affirmed the denial of Badini's first motion. See United States v. Badini, 839 F. App'x 678 (3d Cir. 2021) (per curiam). Badini did not appeal the order denying his second motion.

2

United States, 142 S. Ct. 2389 (2022), supports his argument that the change in sentencing law entitles him to compassionate release. The District Court denied the motion, see ECF No. 1211, and Badini appealed. The Government has moved for summary affirmance, and Badini has not responded.

We will grant the Government's motion.[2] Badini's prior requests for compassionate release failed because nonretroactive changes to mandatory minimums—like the change in law Badini relies upon—do not present extraordinary or compelling reasons for release. See Andrews, 12 F.4th at 261 (reasoning that "the imposition of a sentence that was not only permissible but statutorily required at the time is neither an extraordinary nor a compelling reason to now reduce that same sentence" (quoting United States v. Maumau, 993 F.3d 821, 838 (10th Cir. 2021) (Tymkovich, C.J., concurring))). Badini claims that Concepcion changed this law, but we disagree. The Court in Concepcion did not address what qualifies as an "extraordinary and compelling" reason under the compassionate release statute. See United States v. King, 40 F.4th 594, 596 (7th Cir. 2022) ("Concepcion is irrelevant to the threshold question whether any given prisoner has established an 'extraordinary and compelling' reason for release.").

---

[2] We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm if "no substantial question is presented" by the appeal. 3d Cir. L.A.R. 27.4.

Andrews thus continues to foreclose Badini's argument that he should be granted compassionate release based on the change in the sentencing law.[3]

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.

---

[3] In his motion, Badini also mentions his age, his good conduct in prison, and his desire to be a good father to his children. However, the District Court twice previously determined that those grounds did not justify compassionate release. See ECF Nos. 1129 at 5–11 & 1197 at 4–6. Badini provided no argument for why the District Court should address those issues once again, and we conclude that the Court did not err in declining to do so. See generally Pub. Int. Rsch. Grp. of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 116 (3d Cir. 1997) (discussing law-of-the-case doctrine). Further, while Badini also cited Rule 60(b), "the Federal Rules of Civil Procedure (including Rule 60(b)) do not apply to criminal cases." United States v. Arrington, 763 F.3d 17, 22 (D.C. Cir. 2014).