**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2708
_____

UNITED STATES OF AMERICA

v.

ERIC CRAFT,
                            Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-02-cr-00011-001)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 18, 2023
_____

Before:  GREENAWAY, JR., PHIPPS, and CHUNG, *Circuit Judges*.

(Opinion filed: May 30, 2023)

_____

OPINION[*]
_____

**PHIPPS**, *Circuit Judge*.

The First Step Act of 2018 permits inmates to file motions for compassionate-

release sentence reductions, and Eric Craft, an inmate at United States Penitentiary Lee,

filed such a motion in the District Court *pro se*.  Pub. L. No. 115-391, § 603(b), 132 Stat.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

5194, 5239 (amending 18 U.S.C. § 3582(c)(1)(A)). His motion sought to reduce the 480-month prison sentence that he received in 2003 for manslaughter in connection with drug trafficking in violation of 18 U.S.C. § 924(j)(2). At the time of Craft's sentencing, the U.S. Sentencing Guidelines were mandatory and the career-offender provision of Guideline § 4B1.1 was interpreted more stringently. *See United States v. Booker*, 543 U.S. 220, 259 (2005) (discussing and eliminating prior mandatory Guidelines regime); *United States v. Nasir*, 17 F.4th 459, 470–72 (3d Cir. 2021) (en banc) (holding that inchoate crimes no longer qualify as predicate offenses under § 4B1.2(b), the companion provision to § 4B1.1). Because those provisions, which affected the calculation of his sentence, subsequently changed, Craft argued in his compassionate-release motion that his sentence should be reduced.

But the statute that the First Step Act amended to permit inmates to move for compassionate release, 18 U.S.C. § 3582(c)(1)(A), does not allow a sentence reduction unless, among other things, it is warranted by "extraordinary and compelling reasons." *Id.* Under binding precedent, *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021), subsequent, non-retroactive changes in the law do not constitute extraordinary and compelling reasons. *See id.* at 261. And here, in exercising jurisdiction over Craft's post-trial motion, *see* 28 U.S.C. § 3231, the District Court determined that the changes in law that Craft identified were not retroactive, and it denied Craft's motion on that basis. *See Lloyd v. United States*, 407 F.3d 608, 616 (3d Cir. 2005) (holding that *Booker* is not retroactive on collateral review); 18 U.S.C. § 3582(c)(2) (discussing retroactivity of Guidelines amendments passed "by the Sentencing Commission"); U.S.S.G. § 1B1.10(a); *cf. United States v. Wood*, 526 F.3d 82, 86 (3d Cir. 2008) (explaining that, in general, an

appellate court reviews "a sentence under the version of the Guidelines in effect at the time of sentencing").

Through a timely notice of appeal, Craft invoked the jurisdiction of this Court. *See* 28 U.S.C. § 1291. Craft now argues that a subsequent Supreme Court decision, *Concepcion v. United States*, 142 S. Ct. 2389 (2022), abrogates *Andrews*. That is mistaken because *Concepcion* involved the remedial provisions of § 404(b) of the First Step Act for "covered offense[s]" – those involving crack cocaine committed before August 3, 2010. *See id.* at 2397, 2401 (citing First Step Act § 404(b), 132 Stat. at 5222). But *Andrews* did not involve a sentence for a crack-cocaine offense, and the compassionate-release motion there did not implicate § 404(b) of the First Step Act. *See Andrews*, 12 F.4th at 257. Rather, *Andrews* concerned precisely the same statute as is at issue here: 18 U.S.C. § 3582(c)(1)(A). Thus, *Concepcion* does not abrogate *Andrews*, and like the movant in *Andrews*, Craft was not sentenced for a crack-cocaine offense. So *Andrews* controls, and under its holding, Craft's proffered subsequent, non-retroactive changes in the law are not extraordinary and compelling reasons for a sentence reduction. *See United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022) ("*Concepcion* is irrelevant to the threshold question whether any given prisoner has established an 'extraordinary and compelling' reason for release.").

Apart from his attack on *Andrews*, Craft contends that the District Court should have considered this Court's current interpretations of the Guidelines in evaluating his motion for compassionate release. But the cases that Craft cites for that proposition – *United States v. Knight*, 266 F.3d 203 (3d Cir. 2001) and *United States v. Syme*, 276 F.3d 131 (3d Cir. 2002) – involved direct appellate review of a judgment of conviction, not compassionate release motions. *See Knight*, 266 F.3d at 205; *Syme*, 276 F.3d at 136.

3

Thus, those cases are not in tension with *Andrews*'s holding that subsequent, non-retroactive changes in the law are not extraordinary and compelling reasons. Accordingly, revised judicial interpretations of the Guidelines do not satisfy the extraordinary and compelling requirement for granting a compassionate release motion.

Craft's briefing also alludes to other grievances related to the denial of his motion for compassionate release. Through a separate order, this Court already addressed the District Court's denial of his motion to appoint counsel. *See United States v. Craft*, 2023 WL 1775664, at *2 n.2 (3d Cir. Feb. 6, 2023) ("We also discern no abuse of discretion in the District Court's decision to deny Craft's motion for the appointment of counsel."). Any remaining legal arguments have not been adequately preserved in District Court, *see Garza v. Citigroup Inc.*, 881 F.3d 277, 284 (3d Cir. 2018), or were not raised in his opening appellate brief, *see Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993).

\* \* \*

For the foregoing reasons, in denying Craft's motion for compassionate release, the District Court did not abuse its discretion by applying an incorrect legal standard or otherwise, *see Andrews*, 12 F.4th at 259, and its order will be affirmed.