ALD-138                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1121
_____

UNITED STATES OF AMERICA

v.

KEITH E. REDMAN,
a/k/a DINGER,

                                          Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2:10-cr-00233-016)
District Judge:  Honorable Robert J. Colville

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 4, 2023
Before:  HARDIMAN, RESTREPO, and BIBAS, <u>Circuit Judges</u>

(Opinion filed:  May 30, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Federal inmate Keith E. Redman, proceeding pro se, appeals from an order of the United States District Court for the Western District of Pennsylvania denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1). For the reasons that follow, we grant the Government's motion for summary action and will affirm the District Court's ruling.

Redman pleaded guilty to conspiracy to possess with intent to distribute at least 500 grams but less than 2 kilograms of cocaine. In March 2012, the District Court imposed a sentence of 268 months in prison, to run concurrently with a 150-month sentence imposed the day before in a separate case (D.C. Crim. No. 2:09-cr-00318-01). Redman appealed, but we granted the Government's motion to enforce his waiver of appeal rights. See United States v. Redman, C.A. No. 12-1877. Redman's two motions under 28 U.S.C. § 2255 were denied. Redman is slated for release in April 2030.

Redman filed his first motion for compassionate release in 2020, claiming that his pre-diabetes, hypertension, and chronic kidney disease leave him more susceptible to serious complications or death from the COVD-19 virus, and that prison conditions frustrate the ability for self-care. See ECF Nos. 1079, 1082, and 1122. The Government opposed the motion, and, after it showed that Redman had refused to be vaccinated when he had the chance, the District Court entered an order in May 2021 denying the motion for that reason. See ECF No. 1125.

Redman filed a new motion for compassionate release in 2022, which was augmented by his counsel's memorandum in support. See ECF Nos. 1140, 1160. He

2

once again highlighted the COVID-19 risks to his health, while noting that he has now been vaccinated and boosted. Further, he urged the District Court to consider recent changes in the law, including a 2014 retroactive amendment to the Advisory Guidelines and decisions issued by this Court and the Supreme Court, as constituting "extraordinary and compelling" reasons for release, see § 3582(c)(1)(A)(i).[1] He argued that the § 3553(a) sentencing factors weighed in favor of reducing his sentence. The Government opposed the motion.

In December 2022, the District Court denied Redman's motion. It reviewed Redman's medical conditions and his medical expert's report, but declined to find an extraordinary or compelling reason for release because Redman had been fully vaccinated, is well under sixty-five years of age, the prison had a current infection rate of nil and a high rate of vaccinations, and COVID-19 mitigation protocols continue to be in place. See Dist. Ct. Mem. Ord. 8-11. The District Court also rejected Redman's argument for relief based on the "drugs minus two" amendment to the Advisory Guidelines, because Redman was sentenced as a career offender, not based on the drug

---

[1] Amendment 782 to the Guidelines, otherwise known as "drugs minus two," "retroactively reduced by two levels the base offense levels assigned to many drug quantities." United States v. Thompson, 825 F.3d 198, 202 (3d Cir. 2016). Redman also claimed that he no longer qualified as a career offender according to our decision in United States v. Nasir, 14 F.4th 459 (3d Cir. 2021) (en banc) (holding that inchoate crimes cannot constitute predicate drug offenses to trigger an armed career criminal enhancement), and that the District Court could consider the Nasir change when contemplating his sentence reduction under the First Step Act, according to United States v. Concepcion, 142 S. Ct. 2389 (2022).

quantity level, and thus is not eligible for that change. Id. at 11-12. Further, the District Court found that our decision in United States v. Nasir did not assist Redman in his motion because we ruled in United States v. Andrews, 12 F. 4th 255 (3d Cir. 2021), that such non-retroactive changes in sentencing laws do not constitute extraordinary and compelling reasons for granting release under § 3582(c)(1). D. Ct. Mem. Or. at 12-13. It decided that the Supreme Court's holding in Concepcion did not alter that conclusion. Id. Finally, the District Court concluded that even if Redman's cited reasons had been extraordinary and compelling, it would deny the motion because the sentencing factors under 18 U.S.C. § 3553(a) weighed against release. Id. at 13-15.

Redman filed this timely appeal. The Government has now filed a motion for summary affirmance. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Redman filed a response in opposition.

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's order for an abuse of discretion. See Andrews, 12 F.4th at 259. Here, we agree with the Government that the District Court did not abuse its discretion by denying his compassionate release motion, and accordingly, that the appeal presents no substantial question, see 3d Cir. L.A.R. 27.4. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (explaining that we will not vacate a district court's decision "unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors") (cleaned up). We cannot say that the District Court committed a grave error of judgment in its determination that

4

the balance of § 3553(a) factors weighed against Redman, where those factors included the need to avoid unwanted sentencing disparities, his record of disciplinary infractions in prison, Redman's prior instances of recklessly fleeing law enforcement, and his 11 adult convictions of drug trafficking and non-drug offenses including assault.  Id.[2]

Moreover, we also discern no abuse of discretion in the District Court's analysis of extraordinary and compelling circumstances.  As the District Court pointed out, the rate of infections at FCI McDowell is negligible: at this writing, it has 0 confirmed inmate COVID-19 cases and 1 confirmed staff case.  See BOP: COVID-19 Update  The institution is presently operating at Level 1 of the BOP's COVID-19 Modified Operations Matrix, requiring the lowest level of modifications in the system.  See BOP: COVID-19 Modified Operations Plan & Matrix (explaining that one of two indicators assessed for achieving Level 1 is "[n]ew community positive cases, 100 per 100,000 over the last 7 days").  Redman expressed concern about the level of community transmission in West Virginia, but we note that the matrix level is determined in part by the community risk of the county where the facility is located, which indicates that the BOP and the institution itself should be continually assessing that issue in its operations.  These considerations, coupled with the fact that Redman is now vaccinated, lead us to conclude that the District Court did not abuse its discretion here.  Finally, we agree with the District Court that

---

[2] Contrary to what was stated in the analysis of § 3553(a) factors in the Memorandum Order at 14, Redman was sentenced in March 2012 (not convicted in March 2018) to 150 months' imprisonment for possession with intent to distribute crack cocaine in D.C. Crim. No. 2:09-cr-00318-01.  D. Ct. Mem. Ord. at 14.

Redman's argument that <u>Nasir</u> altered his career offender status is not one that may be considered an extraordinary and compelling reason for release. <u>See</u> <u>Andrews</u>, 12 F.4th at 261; <u>cf.</u> <u>United States v. King</u>, 40 F.4th 594, 596 (7th Cir. 2022) (concluding that <u>Concepcion</u> is irrelevant to the question of whether a movant has established extraordinary and compelling reasons for release under § 3582(c)(1)(A)(i)).

 Accordingly, we will affirm the District Court's judgment.[3]

---

[3] Redman's outstanding motions are denied.