**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1646
_____

UNITED STATES OF AMERICA

v.

RAUL RODRIGUEZ,
also known as JULIAN RODRIGUEZ,
also known as CARLOS HERIBERTO RIOS CABELLO,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:09-cr-00614-002)
District Judge:  Honorable Mitchell S. Goldberg

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 8, 2023
Before:  JORDAN, CHUNG, and SCIRICA, Circuit Judges

(Opinion filed: June 20, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Raul Rodriguez appeals from the District Court's order denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the following reasons, we will affirm.

Because we write primarily for the benefit of the parties, we recite only the important facts and procedural history. In April 2011, following a guilty plea, Rodriguez was sentenced to 292 months' imprisonment for heroin distribution and reentering the U.S. after deportation, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 1326(a), (b)(2). His sentence was based on the Career Offender enhancement of the United States Sentencing Guidelines (U.S.S.G.) § 4B1.1. Rodriguez appealed and we affirmed the judgment of sentence. C.A. No. 11-2030. His subsequent motion to vacate his sentence pursuant to 28 U.S.C. § 2255 was denied and we declined to issue a certificate of appealability. C.A. No. 15-2403.

In November 2022, Rodriguez filed a motion for a sentence reduction under § 3582(c)(1)(A), which was denied by the District Court. Dkt Nos. 264 & 269. Rodriguez then filed a motion for a sentence reduction under § 3582(c)(2), which was also denied by the District Court. Dkt Nos. 267 & 270. Rodriguez did not appeal these orders.

On March 6, 2023, Rodriguez filed his third motion for a sentence reduction, this time pursuant to § 3582(c)(1)(A), relying on this Court's decision in United States v. Nasir, 17 F.4th 459 (3d Cir. 2021) (en banc), on remand from 142 S. Ct. 56 (2021), and

2

the First Step Act of 2018. Dkt No. 271. On March 28, 2023, the District Court denied his motion, concluding that Rodriguez was not entitled to relief because he failed to present an extraordinary and compelling reason that warranted setting aside the original sentence. Dkt No. 274. Rodriguez appealed. On appeal, the Government seeks summary affirmance and Rodriguez has filed a response in opposition to the Government's motion.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a district court's order denying a motion for compassionate release and will not disturb that decision absent "a definite and firm conviction that [the District Court] committed a clear error of judgment." United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (internal quotation marks omitted). We may take summary action if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam) (explaining that this Court may uphold a district court's decision on any basis supported by the record).

A district court "may reduce [a federal inmate's] term of imprisonment" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Upon review, we discern no abuse of discretion in the District Court's conclusion that Rodriguez did not present extraordinary and compelling reasons for a reduction in sentence.

In his motion, Rodriguez argues that the intervening changes in law and sentencing guidelines constitute extraordinary circumstances which warrant a reduction in sentence. Specifically, he points to our decision in United States v. Nasir, 17 F.4th 459 (3d Cir. 2021) (en banc), on remand from 142 S. Ct. 56 (2021), and asserts that under Nasir, he no longer qualifies as a career offender. Even assuming he is correct, Rodriguez has nevertheless failed to demonstrate extraordinary and compelling reasons for a reduction. To begin, Rodriguez's conviction and sentence were valid under controlling law at the time and being required to serve a valid sentence is not extraordinary and compelling. See United States v. Andrews, 12 F.4th 255, 260–61 (3d Cir. 2021), cert. denied, 142 S. Ct. 1446 (2022) ("The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance."). Additionally, changes in sentencing law, whether by statute or opinion, are presumptively non-retroactive, see Dorsey v. United States, 567 U.S. 260, 280 (2012); United States v. McCall, 56 F.4th 1048, 1055–56 (6th Cir. 2022), so not benefitting from the non-retroactive application of Nasir is not extraordinary or compelling. See Andrews, 12 F.4th at 261. Finally, because the change in sentencing law is the sole basis for his motion, it amounts to a request to be resentenced under the current law. But such a request should, post-conviction, be brought pursuant to 28 U.S.C. § 2255 or 28 U.S.C. § 2241; compassionate release is not a means of avoiding the standards for obtaining relief via successive § 2255 motions or § 2241. McCall, 56 F.4th at 1057.

4

Additionally, to the extent that Rodriguez argues that the First Step Act lowered his applicable sentencing range and such change should be considered an extraordinary circumstance, we discern no clear error in the District Court's rejection of this argument. As the District Court noted, Rodriguez was sentenced based on the career offender sentencing guidelines, which were unchanged by the First Step Act. See United States v. Thompson, 825 F.3d 198, 203–04 (3d Cir. 2016); see also Dkt No. 274, at 2 n.1.

For these reasons, we find that the District Court properly exercised its discretion in denying Rodriguez's motion for a sentence reduction.[1] We grant the Government's motion for summary action and will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.[2]

---

[1] Because Rodriguez has failed to make this threshold showing of extraordinary and compelling reasons, his reliance on United States v. Concepcion is misplaced. See 142 S. Ct. 2389, 2404 (2022) (holding that courts may consider intervening changes in law or fact when resentencing a defendant under the First Step Act); see also United States v. King, 40 F.4th 594, 596 (7th Cir. 2022) (recognizing that "Concepcion is irrelevant to the threshold question whether any given prisoner has established an 'extraordinary and compelling' reason for release").

[2] Rodriguez's motion for the appointment of counsel is denied and Appellee's request to be relieved of the obligation to file a brief is granted.