**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2406

_____

UNITED STATES OF AMERICA

v.

DAMIEN HAMMONDS,
also known as "Hondo",
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:11-cr-00166-001)
District Judge: Honorable Christopher C. Conner

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 5, 2023

Before: HARDIMAN, AMBRO, and FUENTES, *Circuit Judges*

(Filed: June 27, 2023)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Damien Hammonds, proceeding pro se, appeals the District Court's order denying his motion to reconsider the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We will affirm.

I

In 2013, a jury convicted Hammonds of distribution and possession with intent to distribute cocaine in violation 21 U.S.C. § 841(a)(1), and conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. At sentencing, Hammonds was subject to a 20-year mandatory minimum because of his prior conviction for a felony drug offense. *See* 21 U.S.C. § 841(b)(1)(A) (2010). Hammonds also qualified as a career offender under the Sentencing Guidelines. The District Court sentenced Hammonds to 20 years' imprisonment.

In 2020, Hammonds sought compassionate release, citing his increased risk of serious illness if he contracted COVID-19. The District Court denied that motion. Hammonds then moved the Court to reconsider, repeating his COVID-19 arguments and also arguing that intervening changes in the law constituted "extraordinary and compelling reasons" justifying compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). The District Court again denied his motion. Hammonds timely appealed.

II[1]

Hammonds claims his term of imprisonment should be reduced for two "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A)(i).

First, Hammonds cites intervening changes in the law. He contends that, if sentenced today, he would not be subject to the 20-year mandatory minimum following the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5220 (2018). Nor, he says, would he be a career offender under our opinion in *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021) (en banc).

Hammonds is right that *Nasir* and the First Step Act have changed the sentencing landscape. But neither is a basis for his compassionate release. For starters, though Section 401 of First Step Act reduced the mandatory minimum sentence under § 841(b)(1)(A) from 20 years to 15 years, that section applies only to sentences then "not [yet] imposed." 132 Stat. at 5221. Hammonds was sentenced before the First Step Act became law. So Section 401 does not apply to him, and nonretroactive changes in statutory sentencing law "cannot be a basis for compassionate release." *United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021).[2] And though we held in *Nasir* that an inchoate offense like conspiracy isn't a "controlled substance offense" that triggers

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

[2] Hammonds's other arguments about *Alleyne v. United States*, 570 U.S. 99 (2013), and intervening changes in the law related to his Pennsylvania cocaine-trafficking conviction— a career-offender predicate when he was sentenced—fail for the same reason. *See Andrews*, 12 F.4th at 260–61.

career-offender eligibility, 17 F.4th at 472, Hammonds was convicted of both conspiracy *and* a controlled substance offense. *See* U.S.S.G. § 4B1.2(b). So he still would qualify as a career offender.[3]

Hammonds asserts that *Concepcion v. United States*, 142 S. Ct. 2389 (2022), makes intervening changes in the law relevant to the compassionate release calculus. But *Concepcion* held that courts may consider intervening changes in law when *resentencing* a defendant under Section 404 of the First Step Act. 142 S. Ct. at 2404; *see also United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022). This is not a Section 404 resentencing case. So the District Court did not abuse its discretion in finding that the First Step Act and *Nasir* are not extraordinary or compelling reasons.

Second, Hammonds argues that his medical conditions, which increase his risk of severe illness from COVID-19, are "extraordinary and compelling" reasons for his release. The District Court did not abuse its discretion in rejecting this argument either. It permissibly considered the "robust vaccination rate" and low number of COVID-19 cases in Hammonds's prison. Dist. Ct. Dkt. No. 713, at 2; *cf. Garrett v. Murphy*, 17 F.4th 419, 433 (3d Cir. 2021) (holding that prisoner did not show imminent danger of serious injury because he already had COVID-19 and vaccines were available). And the Court noted that Hammonds had contracted COVID-19 before and did not say he suffered severe complications. *See id.* We see no "clear error of judgment" in the Court's denial based on

---

[3] Though Hammonds's classification as a career offender increased his Guidelines range, the District Court varied downward and imposed the mandatory minimum term of imprisonment. So Hammonds' career-offender status did not affect his sentence.

Hammonds's risk of contracting COVID-19. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020).

Even if Hammonds showed extraordinary and compelling reasons, the District Court did not abuse its discretion in finding that the 18 U.S.C. § 3553(a) factors weighed against a sentence reduction. Hammonds committed serious drug offenses, had a criminal record, was subject to disciplinary action while incarcerated, and had more than five years remaining on his sentence. *See id.* at 330–31 (holding that courts can consider a prisoner's time left to serve)**.**

We will affirm the District Court's order.