# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2399
_____

United States of America

*Plaintiff - Appellee*

v.

Rodrigo Rodriguez-Mendez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: January 12, 2023
Filed: April 25, 2023

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

In 2002, a jury convicted Rodrigo Rodriguez-Mendez of drug-related crimes, including conspiracy to distribute 500 grams or more of methamphetamine. Based on prior felony drug convictions, the district court imposed a mandatory life sentence on the conspiracy count. See 21 U.S.C. § 841(b)(1)(A) (2002); United States v. Rodriguez-Mendez, 336 F.3d 692 (8th Cir. 2003). In the First Step Act, Congress eliminated mandatory life sentences for this offense. First Step Act of 2018, Pub. L.

No. 115-391, § 401(a)(2), 132 Stat. 5194, 5220. However, Congress did not make § 401(a) sentence reductions retroactively available to persons who were convicted and sentenced before the First Step Act's enactment. § 401(c).

Rodriguez-Mendez moved to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), commonly known as a motion for compassionate release. This statute was amended by the First Step Act to permit a defendant to file the motion. First Step Act § 603(b)(1). It provides that the sentencing court "may reduce the term of imprisonment . . . if it finds that (i) extraordinary and compelling reasons warrant such a reduction." The district court[1] denied the motion, concluding that § 3582(c)(1)(A) relief is foreclosed by United States v. Crandall, 25 F.4th 582 (8th Cir. 2022). In Crandall, we held that a non-retroactive change in law regarding sentencing, such as § 401(a)(2) of the First Step Act, "whether offered alone or in combination with other factors, cannot contribute to a finding of 'extraordinary and compelling reasons' for a reduction in sentence under § 3582(c)(1)(A)." Id. at 586.

Rodriguez-Mendez appeals. He concedes Crandall is otherwise controlling but argues it is contrary to a Supreme Court decision issued after the district court ruled, Concepcion v. United States, 142 S. Ct. 2389 (2022). Thus, the issue is whether this appeal falls within a limited exception to our prior-panel rule -- when "an intervening expression of the Supreme Court is inconsistent with those previous opinions." Young v. Hayes, 218 F.3d 850, 853 (8th Cir. 2000). We conclude Concepcion did not overrule our prior decision in Crandall. Accordingly, we affirm.

---

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

**I.**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed' [unless] Congress has provided an exception to that rule." Dillon v. United States, 560 U.S. 817, 819 (2010), quoting 18 U.S.C. § 3582(c); see United States v. Addonizio, 442 U.S. 178, 189 & n.16 (1979).

Section 3582(c), part of the Sentencing Reform Act of 1984, codified two new exceptions to this general rule, described by the Senate Judiciary Committee as "safety valves." S. Rep. No. 98-225, at 121 (1983). First, § 3582(c)(2) authorizes the sentencing court to reduce a term of imprisonment based on a guidelines range subsequently lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In 28 U.S.C. § 994(u), Congress directed the Commission to "specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for [a particular] offense may be reduced." This includes the power "to decide whether and to what extent [Commission] amendments reducing sentences will be given retroactive effect." Braxton v. United States, 500 U.S. 344, 348 (1991). The implementing policy statement provides that the court may reduce a sentence only if the defendant's guideline range has been reduced in a retroactive amendment. USSG § 1B1.10(a)(1), (d). "A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive." Dillon, 560 U.S. at 826.

Second, § 3582(c)(1)(A), the provision here at issue, authorized the sentencing court, upon motion of the Director of the Bureau of Prisons, to reduce a sentence of imprisonment if it finds that, as relevant here, "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In 28 U.S.C. § 994(t), Congress directed the Commission to define "what should be considered

-3-

extraordinary and compelling reasons for [a] sentence reduction." Some years later, the Commission published its substantive definition in USSG § 1B1.13.

In Application Note 1 to § 1B1.13, the Commission defined four categories of circumstances that meet the statutory requirement of "extraordinary and compelling reasons" in § 3582(c)(1)(A) -- the defendant's medical condition, age, family circumstances, and a fourth catch-all category, "Other Reasons -- [a]s determined by the Director of the Bureau of Prisons." This Guideline has not been amended since the First Step Act was enacted in December 2018 -- until recently, the Sentencing Commission lacked a quorum to amend the Guidelines. Because § 1B1.13, particularly the catch-all in Application Note 1(D), was drafted when only the Director of the Bureau of Prisons could file § 3582(c)(1)(A) motions, some circuits have held that § 1B1.13 is no longer an "applicable policy statement," leaving courts free to determine what circumstances constitute "extraordinary and compelling reasons." See United States v. Long, 997 F.3d 342, 355 (D.C. Cir. 2021); United States v. Aruda, 993 F.3d 797, 801 (9th Cir. 2021); United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020). A divided panel of the Eleventh Circuit disagreed, noting that "the substantive standards in 1B1.13 are clearly capable of being applied to defendant-filed reduction motions." United States v. Bryant, 996 F.3d 1243, 1253 (11th Cir. 2021). We noted this issue without taking a position in Crandall, commenting that "the statute . . . makes consistency with an applicable policy statement a *mandatory* condition for a reduction in sentence," and the First Step Act simply made a "procedural change" by allowing defendants to file motions for § 3582(c)(1)(A) relief. 25 F.4th at 584 (alteration in original). The Sentencing Commission's recently published proposed amendment to § 1B1.13 (discussed below) should resolve any doubt it continues to be an "applicable policy statement."

There is also a circuit split on the merits of whether a nonretroactive change in the law -- whether by statute or by guidelines amendment -- can constitute an extraordinary and compelling reason for § 3582(c)(1)(A) relief. The Sixth Circuit,

-4-

resolving conflicting panel decisions on this issue, explained that background principles of federal sentencing law -- finality and nonretroactivity -- bring the meaning of "extraordinary and compelling reasons" into sharper focus:

> What is ordinary -- the nonretroactivity of judicial precedent announcing a new rule of criminal procedure [] -- is not extraordinary. And what is routine -- a criminal defendant . . . serving the duration of a lawfully imposed sentence -- is not compelling.

United States v. McCall, 56 F.4th 1048, 1056 (6th Cir. 2022) (en banc); accord United States v. Andrews, 12 F.4th 255, 260-61 (3d Cir. 2021); United States v. Thacker, 4 F.4th 569, 576 (7th Cir. 2021); United States v. Maumau, 993 F.3d 821, 838 (10th Cir. 2021) (Tymkovich, C.J., concurring). Crandall sided with these circuits, concluding that a non-retroactive change in sentencing law "cannot contribute to a finding of 'extraordinary and compelling reasons' for a reduction in sentence under § 3582(c)(1)(A)." 25 F.4th at 586.

## II.

Rodriguez-Mendez argues that Concepcion implicitly overruled our decision in Crandall. Therefore, he concludes, the disparity between the mandatory life sentence initially imposed and the lower sentence he could have received if § 401 of the First Step Act had been in place at his initial sentencing can be an "extraordinary and compelling reason" warranting § 3582(c)(1)(A) relief. The argument ignores a critical difference between this case and Concepcion -- the two cases involved different exceptions to the general rule that a federal court may not modify a term of imprisonment once it has been imposed. Rodriguez-Mendez moved for a reduced sentence under § 3582(c)(1)(A), not under § 404(b) of the First Step Act.

In Concepcion, the defendant sought a reduced sentence under § 404(b) of the First Step Act, which authorizes the district court that imposed a sentence for certain covered offenses to "impose a reduced sentence . . . as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." 142 S. Ct. at 2397 (quotation omitted). It was undisputed that Concepcion committed a covered offense and therefore was eligible for § 404(b) relief. Id.; see generally United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. 2020). Thus, the issue in Concepcion was whether the district court abused its § 404(b) discretion in denying relief because it *could not consider* intervening changes of law or fact after the initial sentencing. The First Circuit affirmed; the Supreme Court granted a writ of certiorari to resolve a circuit split on this issue. Concepcion, 142 S. Ct. at 2398. The Court reversed, concluding that the broad discretion of federal courts "to consider all relevant information at an initial sentencing hearing . . . also carries forward to later proceedings that may modify an original sentence." Id.

Rodriguez-Mendez argues the Supreme Court's reasoning in Concepcion applies to his motion for a sentence reduction under § 3582(c)(1)(A). However, the issue on this appeal is whether Rodriguez-Mendez is *eligible* for a sentence reduction under § 3582(c)(1)(A). To be eligible for relief under § 404(b) of the First Step Act, the defendant must have committed a "covered offense." But Congress in the Sentencing Reform Act enacted more stringent limitations on eligibility for the "safety valve" exceptions to criminal judgment finality in § 3582(c). The statute established a two-step inquiry. Before deciding whether and how to exercise its discretion to reduce a sentence, the district court must first determine whether a reduction is consistent with USSG § 1B1.10, for a § 3582(c)(2) reduction, or with § 1B1.13, for a § 3582(c)(1)(A) reduction. See Dillon, 560 U.S. at 826. The Supreme Court in Concepcion acknowledged the statutory limitations on § 3582(c) sentence modification proceedings, noting that "Congress expressly cabined district courts' discretion by requiring courts to abide by the Sentencing Commission's policy

statements" in deciding whether to grant compassionate release relief under § 3582(c)(1)(A). 142 S. Ct. at 2401.

Like other circuits that have considered the issue, we conclude that "Concepcion does not bear on the threshold question whether any given prisoner has established an 'extraordinary and compelling reason' for release." United States v. Peoples, 41 F.4th 837, 842 (7th Cir. 2022) (quotation omitted); accord United States v. Jenkins, 50 F.4th 1185, 1200 (D.C. Cir. 2022); United States v. Bledsoe, No. 22-2022, 2022 WL 3536493, at *2 (3d Cir. Aug. 18, 2022). Concepcion concerned what district judges may consider in exercising their discretion to grant or deny a sentence reduction. No doubt the Court's reasoning would apply when a motion for compassionate release establishes an extraordinary and compelling reason for relief *other than* a nonretroactive change in the law, such as the defendant's medical condition, age, or family circumstances, and the court is exercising its discretion to grant relief. But "Concepcion is irrelevant to the threshold question" of whether Rodriguez-Mendez has shown an "extraordinary and compelling reason" for § 3582(c)(1)(A) relief. United States v. King, 40 F.4th 594, 596 (7th Cir. 2022).

The Sentencing Commission's proposed amendment to § 1B1.13, unless rejected by Congress, will "implement the First Step Act's relevant provisions." The amendment moves the list of extraordinary and compelling reasons from the Commentary to the Guideline itself, with significant changes. Two proposed changes directly address the issue on appeal.

> (b)(6)  UNUSUALLY LONG SENTENCES. If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason . . . .

(c)     LIMITATION ON CHANGES IN LAW.  Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement.  However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction . . . a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.[2]

It thus appears that the Commission proposes to adopt (or to express more clearly) that nonretroactive changes in sentencing law may *not* establish eligibility for a § 3582(c)(1)(A) sentence reduction, as we held in Crandall, but may be considered in exercising a court's discretion whether to grant compassionate release relief to an eligible defendant, consistent with the Supreme Court's decision in Concepcion.

For these reasons, we conclude that Crandall remains controlling Eighth Circuit law that is binding on our panel.  Accord United States v. Berglund, No. 21-3213, 2023 WL 1978867 (8th Cir. Feb. 14, 2023) (unpublished).  The judgment of the district court is affirmed.

_____

[2]United States Sentencing Commission, "Adopted Amendments (Effective November 1, 2023)," https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-November-1-2023.