[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-13150

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MALCOM ANWAR WILLIAMS,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:15-cr-60120-KAM-2

————————————————

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Malcolm Williams, proceeding *pro se*, appeals the district court's dismissal in part and denial in part of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). He argues that the district court abused its discretion by (1) construing his § 3582(c) motion as a second or successive 28 U.S.C. § 2255 motion to vacate sentence; (2) addressing *sua sponte* whether he had exhausted his administrative remedies; and (3) failing to consider his arguments concerning intervening changes in the law and his rehabilitation as required by *Concepcion v. United States*, 142 S. Ct. 2389 (2022). After review, we affirm.

## I.    Background

Williams pleaded guilty in 2015 to Hobbs Act robbery pursuant to a written plea agreement. At sentencing, Williams was deemed a career offender under U.S.S.G. 4B1.2(a) on the basis that the Hobbs Act robbery conviction qualified as a "crime of violence," and Williams had two prior state offenses that qualified as either a crime of violence or a controlled substance offense.[1] The

---

[1] At the time of Williams's sentencing, the Sentencing Guidelines provided that a defendant was a career offender if (1) he was at least 18 years' old when he committed the instant offense, (2) the instant offense was a felony that was "either a crime of violence or a controlled substance offense," and (3) the defendant had two prior felony convictions for "either a crime of violence or

22-13150                Opinion of the Court                3

district court imposed a sentence of 151 months' imprisonment. Williams did not appeal. Two of his codefendants did, however, and successfully challenged their respective career-offender enhancements on the basis that Hobbs Act robbery is not a crime of violence under the Guidelines. *See United States v. Eason*, 953 F.3d 1184, 1187 (11th Cir. 2020).

In 2020, Williams filed a *pro se* 18 U.S.C. § 3582(c) motion seeking a sentence reduction based on "extraordinary and

---

a controlled substance offense." U.S.S.G. § 4B1.1(a) (2014). "Crime of violence" was defined as:

> any offense . . . punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id*. § 4B1.2(a) (2014). In 2015, the Supreme Court struck down the "residual clause"—the clause capturing offenses that "otherwise involves conduct that presents a serious potential risk of physical injury to another"—in the Armed Career Criminal Act (ACCA) as unconstitutionally vague. *See Johnson v. United States*, 576 U.S. 591, 606 (2015). The ACCA's residual clause was identical to the residual clause in U.S.S.G. § 4B1.2(a)(2). *Compare* 18 U.S.C. § 924(e)(2)(B)(ii) *with* U.S.S.G. § 4B1.2(a)(2). Following *Johnson*, in 2016, the Sentencing Commission amended § 4B1.2(a)(2) and removed the residual clause from the Guidelines. *See* U.S.S.G. § 4B1.2(a)(2) (2016); *see also United States v. Eason*, 953 F.3d 1184, 1195 (11th Cir. 2020) (discussing amendment).

compelling reasons," namely, that (1) Hobbs Act robbery is no longer considered a "crime of violence" due to an amendment to the crime of violence definition in the Guidelines; (2) two of his codefendants had their career-offender designations based on Hobbs Act robbery vacated on appeal; and (3) one of his state convictions should not have counted as a predicate offense for purposes of the career-offender enhancement. The district court denied the motion, concluding that it lacked authority to reduce Williams's sentence because a change in law did not constitute an extraordinary and compelling reason under U.S.S.G. § 1B1.13 to reduce a sentence. Furthermore, it explained that, even if it had the authority to reduce his sentence, consideration of the 18 U.S.C. § 3553(a) factors weighed against a reduction. Finally, the district court noted that releasing him early would be inconsistent with the policy statements in U.S.S.G. § 1B1.13 because Williams presented a danger to the community.

Williams appealed the denial of his § 3582(c) motion, and we affirmed. *United States v. Williams*, No. 20-14360, 2021 WL 6101491 (11th Cir. Dec. 21, 2021).

Thereafter, in August 2022, Williams filed a renewed motion for a sentence reduction under § 3582(c)(1)(A), arguing that the Supreme Court's then-recent decision in *Concepcion v. United States*, required the district court to consider intervening changes in the law and changes of fact, such as evidence of rehabilitation, when deciding § 3582(c) motions for a sentence reduction. Thus, he argued that, under *Concepcion*, the district court was bound to

consider that Hobbs Act robbery was no longer a crime of violence under the amended guidelines as evidenced by this Court's decision in *Eason*, as well as his evidence of postconviction rehabilitation. In terms of evidence of rehabilitation, Williams noted that he had an "excellent" prison record with no disciplinary problems, he mentored other inmates, he completed over 500 hours of educational programming, he had no other felony convictions and was not a danger to society, and he had maintained positive business and personal relationships in society so that he would be a productive member upon release. In terms of compassionate release, Williams alleged that he was "healthy," but had been recently diagnosed as "pre-diabetic," with high A1C levels and "high sodium." He maintained that "[a] home diet would substantially improve these conditions."

The district court dismissed the motion in part and denied it in part. First, the district court concluded that, to the extent Williams sought a sentence reduction based on *Concepcion*, "the present motion [was] effectively [an unauthorized] successive petition pursuant to 28 U.S.C. § 2255" over which the court lacked jurisdiction. Second, as for Williams's request for a sentence reduction under § 3582(c)(1)(A), the district court denied his motion because he had not exhausted his administrative remedies and he did not satisfy the definition of "extraordinary and compelling reasons" set forth in U.S.S.G. § 1B1.13. This appeal followed.

## II.    Discussion

Williams argues that the district court abused its discretion by (1) construing his § 3582(c) motion as a second or successive § 2255 motion to vacate sentence; (2) addressing *sua sponte* whether he had exhausted his administrative remedies; and (3) failing to consider his arguments concerning intervening changes in the law and his rehabilitation as required by *Concepcion*.

We review *de novo* whether a defendant is eligible for an 18 U.S.C. § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021). We review a district court's denial of a movant's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), however, provides the following limited exception:

> the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(1)(A).[2]  Thus, the district court may reduce a movant's imprisonment term if: (1) there are extraordinary and compelling reasons for doing so, (2) the factors listed in 18 U.S.C. § 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in U.S.S.G. § 1B1.13.  *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). If the district court finds against the movant on any one of these requirements, it cannot grant relief, and need not analyze the other requirements. *United States v. Giron*, 15 F.4th 1343, 1347–48 (11th Cir. 2021); *Tinker*, 14 F.4th at 1237–38 (explaining that "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order").

The Sentencing Commission defines "extraordinary and compelling reasons" in Application Note 1 to U.S.S.G. § 1B1.13. Pursuant to this definition, there are four circumstances under which "extraordinary and compelling reasons exist": (A) the defendant suffers from (i) "a terminal illness" or (ii) a permanent health condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility from which he or she is not expected to recover"; (B) the defendant is "at least 65 years old," "is

---

[2] "In 2018, Congress passed and the President signed the First Step Act." *Bryant*, 996 F.3d at 1248.  Section 603(b) of the First Step Act amended § 3582(c) and "expanded who could file a motion for a sentence reduction" by permitting prisoners to file their own motions. *Id.* at 1250; *see also* The First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (amending 18 U.S.C. § 3582).

experiencing a serious [age-related] deterioration in physical or mental health," and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (C) the defendant's assistance is needed in caring for the defendant's minor child, spouse, or registered partner due to (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (ii) "[t]he incapacitation of the defendant's spouse or registered partner"; and (D) there exist "other" extraordinary and compelling reasons "[a]s determined by the Director of the [BOP]." *See* U.S.S.G. § 1B1.13 cmt. (n.1 (A)–(D)). "[D]istrict courts are bound by the Commission's definition of 'extraordinary and compelling reasons' found in [§] 1B1.13." *Bryant*, 996 F.3d at 1262; *see also Giron*, 15 F.4th at 1346 ("[T]he only circumstances that can rise to the level of extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described by [§] 1B1.13.").

Under the prior-panel-precedent rule, we are bound by the holdings of *Bryant* and *Giron* unless they have been "overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). "To conclude that we are not bound by a prior holding in light of a Supreme Court case, we must find that the case is 'clearly on point' and that it 'actually abrogate[s] or directly conflict[s] with, as opposed to merely weaken[s], the holding of the prior panel.'" *United States v. Dudley*, 5 F.4th 1249, 1265 (11th Cir. 2021), *cert. denied* 142 S. Ct. 1376 (2022), (alterations

22-13150                Opinion of the Court                        9

in original) (quoting *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009)).

Here, the gravamen of Williams's argument is that *Concepcion* changed the framework and analysis that the district court must conduct when deciding motions for a sentence reduction under § 3582(c), but his reliance on *Concepcion* is misplaced. In *Concepcion*, the Supreme Court discussed the factors that a district court must consider when deciding sentence-reduction motions for crack-cocaine convictions under § 404 of the First Step Act. 142 S. Ct. at 2401–04. The Court held that when a district court was deciding whether to exercise its discretion and award an eligible defendant a sentence reduction, it could "consider other intervening changes of law . . . or changes of fact," reasoning that there were no statutory constraints in place that prevented district courts from considering such information. *Id.* at 2396, 2400. But Williams was not convicted of a crack-cocaine offense and is not an eligible defendant seeking a sentence reduction under § 404 of the First Step Act. Instead, he is seeking a sentence reduction under the compassionate release provisions of § 603(b) of the First Step Act. Because *Concepcion* did not address compassionate release motions, it is not directly on point and does not directly conflict with or abrogate our precedent in *Bryant* and its progeny that, in determining whether a defendant is eligible for a sentence reduction under the compassionate release provisions, the district court is limited to "the Commission's definition of

'extraordinary and compelling reasons' found in [§] 1B1.13." *Bryant*, 996 F.3d at 1262; *Dudley*, 5 F.4th at 1265.[3]

Moreover, in *Concepcion*, the Supreme Court noted that Congress may cabin what district courts may consider when sentencing (or resentencing) a defendant, and it expressly cited the compassionate release statute as an example: "For [§ 3582(c)] proceedings, Congress expressly cabined district courts' discretion by requiring courts to abide by the Sentencing Commission's policy statements." *Concepcion*, 142 S. Ct. at 2401. This statement is consistent with our decision in *Bryant*. 996 F.3d at 1262.

Because *Concepcion* did not change the analysis for determining whether a movant is eligible for a § 3582(c) sentence reduction, it had no application to Williams's case and the district

---

[3] We note that several of our sister circuits to have considered this issue have concluded similarly that *Concepcion* does not bear on the initial question of whether the movant is eligible for compassionate release—*i.e.*, whether the movant has establish an extraordinary and compelling reason for release. *See, e.g.*, *United States v. Rodriguez-Mendez*, 65 F.4th 1000, 1003–04 (8th Cir. 2023); *United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022), *cert. denied King v. United States*, No. 22-5878, 2023 WL 3046170 (U.S. Apr. 24, 2023); *United States v. McCall*, 56 F.4th 1048, 1061–62 (6th Cir. 2022) (*en banc*), *cert. denied McCall v. United States*, No. 22-7210, 2023 WL 3571586 (U.S. May 22, 2023); *United States v. Jenkins*, 50 F.4th 1185, 1200 (D.C. Cir. 2022); *But see United States v. Chen*, 48 F.4th 1092, 1099 (9th Cir. 2022) (holding that *Concepcion* supported the Ninth Circuit's precedent which permits district courts to consider "an extraordinary and compelling reason a defendant might raise, including . . . non-retroactive changes in sentencing law").

court was not required to consider the changes in law or evidence of rehabilitation proffered by Williams in determining whether there were extraordinary and compelling reasons for a reduction under § 1B1.13.  Accordingly, to the extent that Williams argued for a reduction based on *Concepcion* and other changes in the law, he was in essence collaterally attacking his conviction and sentence.  A prisoner cannot use § 3582(c)(2) as a vehicle to collaterally attack their conviction or sentence.  Rather, "a § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence . . . ." *Antonelli v. Warden, U.S.P. Atl.*, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008).  Williams had previously filed a § 2255 motion and had not sought leave from this Court to file a second or successive § 2255 motion.  *See* 28 U.S.C. §§ 2244(b)(3), 2255(h).  Consequently, the district court lacked jurisdiction to consider his collateral challenge to his conviction and sentence. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (holding that, without the necessary authorization from the appropriate court of appeals, "the district court lacks jurisdiction to consider a second or successive petition").  Thus, the district court did not err in dismissing in part the motion as an unauthorized successive § 2255 motion.

Furthermore, the district court did not abuse its discretion in denying his motion for a sentence reduction under § 3582(c)(1)(A).  In order to be eligible for such a reduction, Williams needed to show an extraordinary or compelling reason under § 1B1.13.  He did not. Aside from the changes in law and his evidence of rehabilitation, which as discussed above are not

relevant to the threshold eligibility determination, Williams alleged that he was "healthy," and that he had been diagnosed as being pre-diabetic with high A1C and sodium. He did not allege that those health conditions substantially diminished his ability to provide self-care in prison or that he was not expected to recover from those conditions. Thus, he did not satisfy § 1B1.13(A). Nor did he include any other allegations that would satisfy subsections (B)–(C) of § 1B1.13. And the BOP did not determine that other extraordinary and compelling reasons existed in Williams's case for purposes of subsection (D). The absence of an extraordinary and compelling reason as defined in U.S.S.G. § 1B1.13 foreclosed Williams's motion for a sentence reduction. *See Tinker*, 14 F.4th at 1237–38. Consequently, the district court did not abuse its discretion in denying his motion.[4]

    **AFFIRMED.**

---

[4] Because we conclude that Williams failed to establish the existence of an extraordinary and compelling reason for purposes of compassionate release, it is unnecessary for us to address his argument concerning the exhaustion of administrative remedies.