# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3129
_____

United States of America

*Plaintiff - Appellee*

v.

Brandon A. House

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: June 16, 2023
Filed: June 29, 2023
[Unpublished]
_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

In December 2016, Brandon House pleaded guilty to one count of conspiracy to distribute methamphetamine and one count of possession of methamphetamine with the intent to distribute. He received a mandatory minimum sentence of 240 months' imprisonment on the conspiracy count and a concurrent 180-month term of

imprisonment on the possession-with-intent count. His sentence was affirmed on appeal. See United States v. House, 923 F.3d 512, 518 (8th Cir. 2019).

In April 2022, House filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), also known as a motion for compassionate release. Pursuant to this statute, a district court may modify a defendant's term of imprisonment if it finds, among other things, that "extraordinary and compelling reasons warrant such a reduction." Id. House posited that if he had been sentenced after the First Step Act had been passed, he would no longer face a 20-year mandatory minimum sentence. See First Step Act of 2018, Pub. L. No. 115-391, § 401, 132 Stat. 5194. This statutory change, he argued, amounted to an "extraordinary and compelling" reason for a reduction in his sentence. The district court[1] denied the motion, relying in significant part on United States v. Crandall, which held that "a non-retroactive change in law, whether offered alone or in combination with other factors, cannot contribute to a finding of 'extraordinary and compelling reasons' for a reduction in sentence under § 3582(c)(1)(A)." 25 F.4th 582, 586 (8th Cir. 2023).

House concedes that Section 401 of the First Step Act is not retroactive, and he acknowledges our ruling in Crandall. See House, 923 F.3d at 514 n.2 (noting that House "do[es] not contest that [he was] ineligible for relief under Section 401 of the First Step Act of 2018 at [the time of appeal]"). But House argues that Crandall is no longer good law after Concepcion v. United States, which held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." 142 S. Ct. 2389, 2404 (2022). While House's appeal was pending, however, a panel of our court decided this very question. In United States v. Rodriguez-Mendez, we concluded that "Concepcion did not overrule our prior decision in Crandall." 65 F.4th 1000, 1001 (8th Cir. 2023). As such, "Concepcion is irrelevant to the threshold question of whether [House] has shown an 'extraordinary and compelling' reason

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

for § 3582(c)(1)(A) relief." <u>Id.</u> at 1004 (quoting <u>United States v. King</u>, 40 F.4th 594, 596 (7th Cir. 2022)).

The district court did not err in denying House's motion, and the judgment of the district court is affirmed.

_____