# United States Court of Appeals
## For the Eighth Circuit
_____

No. 22-2034
_____

United States of America

*Plaintiff - Appellee*

v.

Luis Olivares

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: April 10, 2023
Filed: August 16, 2023
[Unpublished]
_____

Before SMITH, Chief Judge, MELLOY and ERICKSON, Circuit Judges.
_____

PER CURIAM.

In 2014, Luis Olivares was convicted of three drug-related crimes and three firearm-related crimes. The district court determined Olivares was subject to a mandatory life sentence based upon two prior drug convictions. See 21 U.S.C. § 841(b)(1)(A) (2002). Olivares appealed and this court affirmed. United States v. Olivares, 843 F.3d 752, 763 (8th Cir. 2016). In 2021, Olivares filed the present

motion for resentencing, arguing changes in law made after his sentence, through the passage of the First Step Act, Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5220 (2018), constitute an "extraordinary and compelling" reason for resentencing. See 18 U.S.C. § 3582(c)(1)(A). The district court[1] denied the motion. Olivares appeals and we affirm.

Olivares's arguments are clearly precluded by this court's precedent. See United States v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022) (holding "a non-retroactive change in law, whether offered alone or in combination with other factors, cannot contribute to a finding of 'extraordinary and compelling reasons' for a reduction in sentence under § 3582(c)(1)(A)"). See also United States v. Rodriguez-Mendez, 65 F.4th 1000, 1001 (8th Cir. 2023) (finding Concepcion v. United States, 142 S. Ct. 2389 (2022), "did not overrule our prior decision in Crandall").

Finally, to the extent Olivares argues his prior convictions should have never qualified him for sentencing enhancements, even under prior law, he is attacking his sentence and not providing an "extraordinary and compelling" reason to grant a motion for resentencing. Olivares cites no authority which would allow this court to review the eight-year-old sentence.

As Olivares's arguments are precluded by this circuit's precedent, we affirm.

———————————————————

---

[1]The Honorable Jeffrey Lynn Viken, United States District Judge for the District of South Dakota.