**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2837
_____

UNITED STATES OF AMERICA

v.

HAKIM HANDY,
                            Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 4-17-cr-00310-001)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 16, 2023
_____

Before:  CHAGARES, Chief Judge, PHIPPS and CHUNG, Circuit Judges.

(Opinion filed: December 14, 2023)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

Federal prisoner Hakim Handy sought compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The District Court denied Handy's motion and subsequent request for reconsideration. For the reasons that follow, we will affirm the District Court's orders.

I.[1]

In 2018, Handy pled guilty to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846. The District Court designated Handy as a career offender and sentenced him to 300 months in prison. We affirmed on direct appeal. United States v. Handy, 784 F. App'x 64, 66 (3d Cir. 2019). Handy then filed a motion challenging the constitutionality of his sentence pursuant to 28 U.S.C. § 2255. The District Court denied the motion. United States v. Handy, No. 17-310, 2021 WL 1812682, at *7 (M.D. Pa. May 6, 2021).

Handy moved pro se for compassionate release primarily based upon this Court's decision in United States v. Nasir, 17 F.4th 459, 472 (3d Cir. 2021) (en banc), which he argues establishes that he would not be sentenced as a career offender and receive the associated enhancement if sentenced today. We issued our first en banc opinion in Nasir on December 1, 2020, and this is the holding on which Handy now relies. 982 F.3d 144 (3d Cir. 2020).[2] Although Handy's § 2255 motion was pending at that time, he "cho[se]

_____

[1] Because we write for the parties, we recite only facts pertinent to our decision.

[2] Although the Supreme Court later granted certiorari in Nasir and vacated on other grounds, it did so months later in October 2021, see 142 S. Ct. 56 (2021), and on remand

2

to have the Court rule on [his] 28 U.S.C. § 2255 motion as filed," and did not raise <u>Nasir</u> as a basis to challenge his sentence.  Dist. Ct. Dkt. No. 87.

Handy also passingly mentioned COVID-19 once in his brief in support of his motion.  The District Court denied relief on both grounds.  It reasoned that Handy's compassionate release motion was the inappropriate place to raise his arguments about the effect of recent developments in the law on his sentence and he offered no specific reason that COVID-19 would render him more susceptible to serious illness or death than others.

Handy moved for reconsideration.  He repeated his career offender status argument from his compassionate relief motion and did not mention COVID-19 at all. Specifically, he argued that the Supreme Court's recent decision, <u>Concepcion v. United States</u>, 597 U.S. 481 (2022), permits district courts to consider nonretroactive changes in the law as "extraordinary and compelling reasons" warranting compassionate release. The District Court denied reconsideration.  Handy appealed.[3]

## II.[4]

### A.

A district court may grant compassionate release if "extraordinary and compelling

---

in November 2021, we restated our previous holding overruling <u>United States v. Hightower</u>, 25 F.3d 182 (3d Cir. 1994).  <u>See</u> <u>Nasir</u>, 17 F.4th at 472.

[3] The Government waived any argument regarding the timeliness of Handy's appeal, so we will consider it on the merits.  <u>See</u> Gov't Br. 6 n.2.

[4] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291.  <u>United States v. Andrews</u>, 12 F.4th 255, 259 (3d Cir. 2021).

reasons" warrant a sentence reduction and if the reduction is "consistent with applicable policy statements issued by the Sentencing Commission" and "supported by the traditional sentencing factors under 18 U.S.C. § 3553(a)," as applicable. United States v. Andrews, 12 F.4th 255, 258 (3d Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). District courts "wield considerable discretion in compassionate-release cases." Id. at 262. We review for abuse of discretion and will not disturb a district court's determination unless we are left with "a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached." Id. at 259 (alteration in original) (quoting United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020)).

We see no abuse of discretion. The District Court correctly concluded that neither of Handy's argued reasons for compassionate release is an "extraordinary and compelling" basis warranting release. We issued Nasir before Handy finalized his § 2255 motion and his failure to address Nasir therein does not constitute an extraordinary and compelling circumstance for § 3582 purposes. See United States v. Brock, 39 F.4th 462, 465 (7th Cir. 2022) (holding that direct appeal and § 2255 motions are "the normal process for challenging potential sentencing errors").

Moreover, even if our subsequent en banc ruling in Nasir excuses Hardy's failure to address that case in his § 2255 motion, neither this Court's decision in Nasir nor any other nonretroactive change in sentencing laws provide Handy with an extraordinary and compelling basis for release. See Andrews, 12 F.4th at 260–61 (holding the length of a lawfully imposed sentence and nonretroactive changes in sentencing laws are not extraordinary and compelling reasons for early release). Since Handy does not provide

4

anything else to satisfy this statutory "threshold" showing of extraordinary and compelling reasons, his reliance on Concepcion is similarly misplaced. See United States v. Stewart, 86 F.4th 532, 535 (3d Cir. 2023) (holding that Concepcion does not abrogate this Court's holding in Andrews and is not relevant to the threshold determination of whether an "extraordinary and compelling" basis for release exists); see also United States v. King, 40 F.4th 594, 596 (7th Cir. 2022), cert. denied sub nom. King v. United States, 143 S. Ct. 1784 (2023); United States v. Rodriguez-Mendez, 65 F.4th 1000, 1003–04 (8th Cir. 2023).[5]

Handy's general, passing mention of COVID-19 is similarly not an extraordinary and compelling reason warranting release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."). The District Court aptly noted that Handy did not identify any underlying

---

[5] Handy makes a footnoted argument in his Reply Brief that the United States Sentencing Commission will submit new amendments to the United States Sentencing Guidelines "which includes that a district court may consider and apply new developments of law in section 3582(c) proceedings." Handy Reply Br. 8. But this statement is misleading. The 2023 amendments to the Sentencing Guidelines provide that "[e]xcept as provided in (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in law . . . may be considered for purposes of determining the extent of any such reduction." United States Sentencing Commission, Amendments to the Sentencing Guidelines 1(c), https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf [https://perma.cc/X8WE-AG22] (emphasis added).

conditions or specific circumstances rendering him uniquely suspectable to COVID-19. See Andrews, 12 F.4th at 262 (determining that there was no clear error in the finding that the prisoner provided "insufficient details" about his susceptibility to COVID-19 to warrant compassionate release); see also Garrett v. Murphy, 17 F.4th 419, 433 (3d Cir. 2021) (suggesting the availability of effective COVID-19 vaccines eliminates the need for COVID-based compassionate release absent a showing that the prisoner lacked proper access to vaccines).

## B.

A District Court may grant reconsideration if a party shows an intervening change in law, newly discovered and previously unavailable evidence, or clear error of law or fact. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). We review the denial of reconsideration for abuse of discretion. United States v. Kalb, 891 F.3d 455, 459 (3d Cir. 2018).

Handy failed to satisfy the standard for reconsideration. His reliance on Concepcion v. United States is misguided for the same reasons stated above and he has not shown a clear error of law. Therefore, the District Court did not abuse its discretion in denying the motion.

## III.

For the foregoing reasons, we will affirm the District Court's orders denying compassion release and reconsideration.